UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELEES LANTON, #186672,**

      **Petitioner,**

v.                                  Case No. 2:06-CV-11103-DT
                                    Honorable George Caram Steeh
                                    Magistrate Judge Donald A. Scheer

**BLAINE LAFLER,**

      **Respondent.**
_____

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery, felon in possession of a firearm, and felony firearm. Petitioner was sentenced to fifteen to thirty years in prison for the armed robbery conviction; forty to sixty months for the felon in possession of a firearm conviction; and a two year term of imprisonment for the felony firearm conviction. He has now filed a "Motion for Appointment of Counsel." For the reasons set forth below, the Court will deny Petitioner's request.

**Appointment of Counsel**

Petitioner's basis for requesting appointment of counsel is three-fold: (1) the issues and claims are complex; (2) the issues presented in the habeas petition are meritorious; and (3) Petitioner will not have a reasonable chance of prevailing and obtaining justice if he is not represented by legal counsel.

As Petitioner acknowledges in his pleadings, indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); see also *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. 18 U.S.C. §3006A(a)(2) (1988); Rule 8(c), Rules Governing Section 2254 Cases. In determining whether or not "the interests of justice so require" the appointment of counsel in a habeas petition, the Court must consider certain factors. Case law provides:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). These factors have been held to apply to habeas corpus cases. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (internal quotation and citations omitted).

Petitioner has raised five issues for the Court's habeas review: (1) Petitioner should not have been bound over for trial as there was insufficient evidence to establish probable cause; (2) the verdict was based upon legally insufficient evidence.; (3) prosecutorial misconduct; (4) trial court error in its aiding and abetting jury instructions; and (5) trial court error in its offense variable scoring relative to Petitioner's sentence.

In this case, it does not appear that Petitioner's claims are likely to have substance for two reasons: (1) three out of the five issues presented appear to be procedurally defaulted; and (2) the

remaining two issues seem to lack merit as, upon initial review, they are not cognizable habeas claims.  However, even if the Court found that Petitioner met the "substance" threshold, it remains necessary for the Court to also find the issues presented and the procedural posture of the case to be complex.  *Pennsylvania v. Finley,* 481 U.S. at 557.

Although Petitioner states that the issues presented are complex and that his claims have merit, he fails to substantiate his generalized conclusory allegations with any legal or factual support.  Additionally, the Court has been furnished with the transcripts from the trial and the post-trial hearing, all briefs filed in connection with Petitioner's post-trial motions, and all judicial determinations relating to these motions.  Therefore, there are no relevant portions of the record missing for purposes of reviewing this habeas matter.  As such, the Court can make a determination about this case based solely upon the submissions.  No cross-examination or elaborate presentation of proof is necessary, thereby obviating the need for an evidentiary hearing in this matter.  Accordingly, Petitioner's application for the appointment of counsel is denied.

**For the reasons stated above, IT IS ORDERED that the "Petitioner's Motion for Appointment of Counsel" [Doc. #5, filed June 29, 2006] is DENIED.**

**Dated:  March 8, 2007**

S/George Caram Steeh
**GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE**

---

CERTIFICATE OF SERVICE

**Copies of this Order were served upon attorneys of record on
March 8, 2007, by electronic and/or ordinary mail.**

S/Josephine Chaffee
**Deputy Clerk**