UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELEES LANTON, #186672,**

    **Petitioner,**

v.                                          Case No. 2:06-CV-11103-DT
                                                      Honorable George Caram Steeh
                                                      Magistrate Judge Donald A. Scheer

**BLAINE LAFLER,**

    **Respondent.**

_____

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO COMPEL DISCOVERY

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery, felon in possession of a firearm, and felony firearm. Petitioner was sentenced to fifteen to thirty years in prison for the armed robbery conviction; forty to sixty months for the felon in possession of a firearm conviction; and a two year term of imprisonment for the felony firearm conviction. He has now filed a "Motion To Compel Discovery Where Discovery Will Show 'Actual Innocence' Pursuant to Rule 6, Governing §2254 Cases." Respondent has not filed a response to Petitioner's motion. For the reasons set forth below, the Court will grant Petitioner's request.

**Discovery**

      Petitioner asserts that the robbery at issue in this matter, which took place on August 24, 2003, was video taped and that there is a surveillance video of the entire incident. Petitioner further contends that a review of the surveillance videotape will show that he did not commit the robbery. Petitioner contends that at trial, the surveillance video tape in its entirety was not shown, but rather

blurry "still" shots of the individuals involved with the robbery. Accordingly, it is Petitioner's position that production of the surveillance videotape will prove his "actual innocence" resulting in a grant of habeas relief. Therefore, Petitioner is seeking a court order compelling the State to produce the requested videotape.

Habeas petitioners do not have a right to automatic discovery. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing §2254 Cases, 28 U.S.C. foll.§2254, to grant discovery to a habeas petitioner upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. 749, 760 (D.N.J. 2000); *rev'd in part on other grds,* 307 F.3d 36 (3d Cir 2002). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. at 763-64. A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Payne v. Bell,* 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000).

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, when the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460. Moreover, a district court does not abuse its discretion by denying a habeas petitioner's request for discovery, when the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.* A petitioner must produce specific

2

evidence that supports his claim that the requested material will yield the asserted information. " See *Munoz v. Keane,* 777 F.Supp. 282, 287 (S.D.N.Y. 1991), *aff'd sub nom., Linares v. Senkowski,* 964 F.2d 1295 (2d Cir. 1992).

Here, Petitioner is seeking a particular piece of evidence (i.e., the "entire surveillance video," dated, 8/24/03) and specifically claims that if discovery is granted relative to the videotape, his actual innocence will be proven, as he asserts that he was not one of the robbers. Consequently, it is Petitioner's position that granting relief will provide him with additional support for his constitutional claims. As a result, Petitioner argues that he is able to establish good cause to obtain discovery.

For the reasons set forth below, the Court does not find that Petitioner is requesting to "embark on a fishing expedition masked as discovery" or that the discovery sought by Petitioner would for certain not entitle him to habeas relief, even if the facts were found in his favor. *Sellers v. United States,* 316 F.Supp.2d 516, 523 (E.D. Mich. 2004)(*quoting Stanford v. Parker,* 266 F.3d at 460). Therefore, Petitioner's request for the surveillance videotape with footage of the armed robbery which took place on August 24, 2003 is granted. The Court's rationale is three-fold.

First, Petitioner is not seeking discovery of the surveillance videotape for the sole purpose of developing a claim of actual innocence. Petitioner's constitutional issues of deprivation of a fair trial and denial of due process are premised upon the following claims: (1) insufficient evidence; (2) prosecutorial misconduct; (3) erroneous jury instructions; and (4) sentence mis-scoring as to offense variable 1. Therefore, Petitioner's discovery request is seeking to develop his independent constitutional violations with the underlying claim being "actual innocence." See, *Payne v. Bell,* 89 F.Supp.2d 967, 971 (W.D. Tenn. 2000).

Second, the Respondent in this case asserts in his answer to Petitioner's habeas petition that three out of five claims raised by the Petitioner are procedurally defaulted. "[A] habeas petitioner may use a Habeas Rule 6 discovery motion to obtain evidence relevant to excusing procedural default." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991), quoting, *Id.* at 974.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Proof of "actual innocence" could qualify as coming within the "fundamental miscarriage of justice" exception as a means of circumventing the procedural default bar. See, *Payne v. Bell,* 89 F.Supp.2d at 974 (W.D. Tenn. 2000). If evidence exists that shows definitively that Petitioner was not one of the armed robbers, it would in fact be a fundamental miscarriage of justice if Petitioner was compelled to remain incarcerated without further proceedings.

Finally, Petitioner has requested a specific piece of evidence for the specific purposes of proving his "actual innocence," avoiding procedural default, and supporting his constitutional claims. These are the "good cause" guidelines which support a grant of discovery as set forth above.

Accordingly, the motion for grant of discovery relative to the August 24, 2003 surveillance video tape is granted.

For the reasons stated above, **IT IS ORDERED** that the "Petitioner's Motion to Compel

Discovery Where Discovery Will Show 'Actual Innocence' Pursuant to Rule 6, Governing §2254 Cases," [Doc. #7, filed June 29, 2006] is **GRANTED**.

Dated: March 15, 2007

          S/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 15, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk