UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELEES LANTON, #186672,

    Petitioner,

v.                                                Case No. 2:06-CV-11103-DT
                                                Honorable George Caram Steeh
                                                Magistrate Judge Donald A. Scheer

BLAINE LAFLER,

    Respondent.
_____

### OPINION AND ORDER GRANTING PETITIONER'S MOTION REQUESTING LEAVE TO AMEND

**Introduction**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of armed robbery, felon in possession of a firearm, and felony firearm. Petitioner was sentenced to fifteen to thirty years in prison for the armed robbery conviction; forty to sixty months for the felon in possession of a firearm conviction; and a two year term of imprisonment for the felony firearm conviction. He has now filed a "Motion Requesting Leave to Amend Pursuant to Rule 15(a)." Respondent has not filed a response to Petitioner's motion. For the reasons set forth below, the Court will grant Petitioner's request.

**Amendment of Habeas Petition**

      Motions to amend a habeas corpus petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. See 28 U.S.C. §2242 (application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.") Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive

pleading is served. Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." See *Mayla v. Felilx,* 545 U.S. 644 (2005). As the Respondent has already filed an answer to the petition, leave of court is required. In determining whether leave should be granted, the habeas court should consider several factors, including undue delay, undue prejudice to the opposing party, and futility of amendment. See *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998). A proffered amendment in a habeas case is deemed futile if it lacks merit on its face. See e.g., *Moss v. United States,* 323 F.3d 445, 475 (6th Cir. 2003). The decision whether to grant leave to amend is discretionary with the district court. *Coe v. Bell,* 161 F.3d at 342. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Id.* at 341-42. Applying the foregoing standards, the court concludes that Petitioner's motion to amend should be granted.

      The Court will permit Petitioner to amend his habeas petition for five reasons. First, there is no indication that allowing the amendment would cause any delay to this Court. Second, there is no evidence of bad faith on Petitioner's part in bringing the motion to amend. Third, there appears to be no prejudice upon the Respondent if the motion is granted. See *Gillette v. Tansy,* 17 F.3d 308, 313 (10th Cir. 1994). Fourth, because Petitioner has filed this motion to amend the petition before the Court has adjudicated the issues in his petition, the motion to amend should be granted. *Stewart v. Angelone,* 186 F.R.D.342, 343 (E.D. Va. 1999). Finally, Petitioner's amendment essentially serves as a supplement to the original habeas petition as there are no new claims or grounds for habeas relief set forth in the amendment. Petitioner cites additional authority and legal argument to support claims that have already been presented to the Court. Accordingly, the Court will permit the Petitioner to amend his habeas petition.

The Court will further order that the Clerk of the Court serve a copy of the amendment to the brief in support of Petitioner's habeas petition, and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. See *Coffee v. Harry,* 2005 WL 1861943, *2 (E.D. Mich. August 2, 2005. Should the Respondent desire to supplement his answer in opposition to Petitioner's habeas petition, he may do so within forty-five (45) days from the date of this Order. See, *Erwin v. Elo,* 130 F.Supp.2d 887, 891 (E.D. Mich. 2001)(this Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition).

Finally, the Court will give the Petitioner forty-five (45)days from the receipt of the Respondent's supplemented answer to file a reply brief, if he so chooses. Rule 5(e) of the Rules Governing §2254 Cases, 28 U.S.C. foll.§2254 states that a habeas petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." See *Baysdell v. Howes,* 2005 WL 1838443, *4 (E.D. Mich. August 1, 2005).

Accordingly,

**IT IS ORDERED** that "Petitioner's Motion Requesting Leave to Amend Pursuant to Rule 15(a)" [Doc. #8, filed June 29, 2006] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the amendment to the brief in support of the petition for writ of habeas corpus and a copy of this Order on the Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that the Respondent shall have **forty-five (45)**days from the date of this Order to file a supplement to his answer in opposition to the habeas petition.

**IT IS FURTHER ORDERED** that Petitioner shall have **forty five (45)** from the date that he receives the supplemented answer to submit a reply brief.

Dated: March 16, 2007

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 16, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---