# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ELEES LANTON, #186672,**

    Petitioner,

v.	Case No. 2:06-CV-11103-DT
    Honorable George Caram Steeh
    Magistrate Judge Donald A. Scheer

**BLAINE LAFLER,**

    Respondent.

___

## OPINION & ORDER GRANTING MOTIONS TO STAY & HOLD IN ABEYANCE FEDERAL HABEAS CORPUS PROCEEDINGS

### I. Introduction

Petitioner has a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, and subsequently retained an attorney to represent his interests in this matter. Petitioner was convicted of armed robbery, felon in possession of a firearm, and felony firearm. He was sentenced to fifteen to thirty years, forty to sixty months, and two years for his respective convictions. Six months after Petitioner filed his request for habeas relief, he filed a *pro se* motion to hold his petition in abeyance pending the exhaustion of state court remedies. After Petitioner retained counsel, he filed a "Renewed Motion to Hold Petition for Habeas Corpus in Abeyance." For the reasons stated below, the Court will grant Petitioner's request for a stay of these proceedings, hold the matter in abeyance, and administratively close this case.

### II. Discussion

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas

corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d at 160. Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *Levine v. Torvik,* 986 F.2d 1506, 1516 (6th Cir. 1993). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. §2254(d). Therefore, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. *Mohn v. Bock,* 208 F.2d 796, 800 (E.D. Mich. 2002); see also *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990). Otherwise, the Court cannot apply the 28 U.S.C. §2254(d) standard.

Here, Petitioner states that he failed to exhaust his state court remedies relative to the following issues: (1) whether appellate counsel was ineffective; (2) whether trial counsel was ineffective; (3) whether Petitioner's sentencing guidelines were properly scored; (4) whether certain errors by the trial court resulted in an unfair trial; and (5) whether Petitioner's conviction is against the great weight of the evidence. Petitioner requests that his habeas petition be held in abeyance so that he can file a motion for relief from judgment under MCR 6.500 and exhaust these claims in the state courts.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo,* 544 U.S. 409, 416 (2005), citing *Rhines v. Weber,* 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post-conviction proceedings, provided there is "good cause[1]" for failure to exhaust the claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. at 278.

In this case, Petitioner asserts that the reason he did not exhaust his state court remedies was his reliance upon appellate counsel to raise the above referenced unexhausted issues within his brief on appeal filed with the Michigan Court of Appeals. Petitioner further states that he lacks legal training and knowledge and would not have known to raise these issues on appeal in the state courts. The Court does not find ignorance of the law to be a "good cause" basis for failing to exhaust state court remedies. *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004). However, the Court does find

---

[1]Federal courts have yet to achieve a consensus on what constitutes good cause within the meaning of *Rhines v. Weber* for failing to exhaust state court remedies. Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Others, such as *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir.2005), and the remanded *Rhines v. Weber*, 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005) concluded that good cause did not require a showing of "extraordinary circumstances." Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." See *Baker v. Horn*, 383 F.Supp.2d 720, 747 (E.D.Pa.2005). Case law in this district prior to the *Rhines* decision held that in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. See *Sitto v. Bock*, 207 F.Supp.2d 668, 676 (E.D.Mich.2002); *Hudson v. Martin*, 68 F.Supp.2d 798, 800 (E.D.Mich.1999).

that Petitioner has established "good cause" in order to substantiate the Court's issuance of a stay in this matter. The Court's reasoning is three-fold.

First, Petitioner's pleadings indicate that he relied upon appellate counsel to properly exhaust his state court remedies on appeal. The Court finds that this fact combined with Petitioner's admitted lack of legal training would form a source of confusion for the Petitioner relative to the substantive claims he should bring in his habeas petition. See *Pace v. DiGuglielmo,* 544 U.S. at 416 ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court").

Second, *Rhines* on remand held that ineffective assistance of post-conviction counsel constituted "good cause" for petitioner's failure to exhaust claims in the state court proceedings so as to justify holding the petition in abeyance while the petitioner returned to the state courts to exhaust those claims. *Rhines v. Weber,* 408 F. Supp.2d 844, 848-49 (D.S.D. 2005). Since Petitioner is challenging his appellate legal representation, Petitioner's factual circumstances would come within the *Rhines* holding.

Finally, the bench in this district has found in at least three instances that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted "good cause" and warranted holding the petition in abeyance pending the petitioner's return to the state courts. See *Iscaro v. Trombley,* 2006 WL 1064218, *3 (E.D. Mich. April 21, 2006); *Boyd v. Jones,* 2005 WL 2656639, *4 (E.D. Mich. October 14, 2005); *Martin v. Warren,* 2005 WL 2173365, *2 (E.D. Mich. September 2, 2005). The Court likewise agrees that appellate counsel's failure to raise petitioner's ineffective assistance of trial counsel claims on direct appeal would constitute "good cause" for his failure to exhaust these claims within the state courts.

4

"In addition, petitioner would have "good cause" for failing to exhaust any ineffective assistance of appellate counsel claim, because post-conviction review would be his first opportunity to raise this claim in the Michigan courts. See e.g., *Hicks v. Straub,* 377 F.3d 538, 558, n.17 (6th Cir. 2004)." *Titlow v. Burt,* 2007 WL 2584762, *4 (E.D. Mich. September 7, 2007).

For these reasons, the Court finds that Petitioner's basis for issuance of a stay comes within the realm of "good cause" under *Rhines*. Furthermore, upon the Court's review, it does not find Petitioner's unexhausted claims to be "plainly meritless" nor is it apparent that Petitioner has engaged in dilatory litigation tactics in the litigation of this matter.

### III. Conclusion

Accordingly,

IT IS ORDERED that Petitioner's "Request to this Honorable Court to Hold his Petition for Writ of Habeas Corpus in Abeyance" [Doc. 13-1, filed September 27, 2006] is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner's "Renewed Motion to Hold Petition for Habeas Corpus in Abeyance" [Doc. 24-1, filed March 13, 2007] is **GRANTED.**

IT IS FURTHER ORDERED that Petitioner may file a post-conviction motion for relief from judgment with the state court within **sixty (60) days** of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

IT IS FURTHER ORDERED that if the Petitioner files a motion for relief from judgment, he shall notify this Court, referencing this case number, that such motion papers have been filed in state court.

IT IS FURTHER ORDERED that this case shall then be **HELD IN ABEYANCE** pending the Petitioner's exhaustion of the unexhausted claims.

IT IS FURTHER ORDERED that the Petitioner shall re-file a habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings under the same case number. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims. If the Petitioner files an amended petition, the Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **forty-five (45) days** thereafter.

IT IS FURTHER ORDERED that the Clerk of the Court **CLOSE** this case for statistical purposes only.

IT IS FURTHER ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: September 24, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 24, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk