UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELEES LANTON,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.
_____/

Civil No. 2:06-CV-11103
Honorable George Caram Steeh
United States District Judge

### ORDER GRANTING PETITIONER'S MOTION TO RE-OPEN CASE [dkt. # 30], AND ORDERING THAT THE AMENDED PETITION BE SERVED UPON RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS

Elees Lanton, ("Petitioner"), a state prisoner, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his convictions for armed robbery, felon in possession of a firearm, and felony-firearm. On September 24, 2007, this Court entered an opinion and order holding the case in abeyance pending the completion of state post-conviction proceedings. The Court also administratively closed the case. Having exhausted his state court remedies, Petitioner has now filed a motion to reinstate his habeas petition.

For the reasons stated below, the motion is **GRANTED**. Respondent is ordered to file a responsive pleading to the petition and the Rule 5 materials within forty-five (45) days of the Court's order.

**DISCUSSION**

Federal courts have the power to order that a habeas petition be reinstated upon timely request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because Petitioner has exhausted his claims in the state courts, his petition is now ripe for consideration. Accordingly, the Court will order that the original habeas petition be reinstated.

The Court will further order that the Clerk of the Court serve a copy of the Amended Petition for Writ of Habeas Corpus and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* 2005 WL 1861943, * 2 (E.D. Mich. August 2, 2005).

The Court will also order Respondent to file a response to the habeas petition within forty-five (45) days of the Court's order. This Court has the discretion under the rules governing responses in habeas corpus cases to set a deadline for a response to petitioner's habeas petition. *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. The Court will also order Respondent to provide this Court with any additional Rule 5 materials relating to Petitioner's post-conviction proceedings at the time that it files its answer. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Finally, the Court will give Petitioner forty-five (45) days from the receipt of Respondent's answer to file a reply brief, if he so chooses. Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 states that a habeas petitioner "may

submit a reply to the respondent's answer or other pleading within a time fixed by the judge." *See Baysdell v. Howes,* 2005 WL 1838443, * 4 (E.D. Mich. August 1, 2005).

## ORDER

**IT IS ORDERED** that the petition for a writ of habeas corpus is reinstated to the Court's active docket**.**

**IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of the petition for writ of habeas corpus and a copy of this Order on Respondent and the Attorney General by first class mail.

**IT IS FURTHER ORDERED** that respondent shall file an answer and produce the entire state court record within **forty-five (45) days** of the date of this order or show cause why they are unable to comply with the order.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from the date that he receives the answer to file a reply brief.


Dated:  July 12, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---